[Cite as *State v. Marker*, 2014-Ohio-3840.]


IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY


STATE OF OHIO

      Plaintiff-Appellee

v.

TIMOTHY J. MARKER

      Defendant-Appellant


Appellate Case No.    2014-CA-1

Trial Court Case No.   CRB-1301664


(Criminal Appeal from
 Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of September, 2014.

. . . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. No. 0076747, Fairborn City Prosecutor, 510 West Main Street, Fairborn, Ohio 45324
      Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 125 West Main Street, Suite 201, Fairborn, Ohio 45324
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .


WELBAUM, J.

{¶ 1} Defendant-appellant, Timothy J. Marker, appeals from his conviction and sentence in the Fairborn Municipal Court after a jury found him guilty of violating a temporary protection order. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On August 28, 2013, Marker was charged with one count of violating a temporary protection order in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree. Marker pled not guilty to the charge and on December 4, 2013, the matter proceeded to a jury trial.

{¶ 3} At trial, the State presented testimony from Deputy David Wical of the Greene County Sheriff's Office. Deputy Wical testified that shortly after midnight on August 28, 2013, he was patrolling Koogler Wetland/Prairie Reserve in Beavercreek, Ohio, when he spotted a blue minivan parked near the back of the Reserve's parking lot. Wical testified that he approached the minivan and saw that it was occupied by a male in the driver's seat and a female in the front passenger's seat. Since the Reserve was closed, Wical testified that he asked the occupants why they were parked there and requested their identification. According to Wical, the occupants told him that they had been on a date and stopped at the Reserve to talk before going home. Wical testified that the male occupant then provided his driver's license, which identified him as Marker. Wical further testified that the female occupant was without any form of identification, but that she identified herself as Cecile C. Groves and provided her date of birth and Social

Security number.

{¶ 4} After obtaining Marker and Groves's personal information, Wical radioed the information to dispatch to check for any outstanding warrants. Wical testified that dispatch advised him Marker had a protection order against him and that Groves was the protected party. He also testified that the personal information Groves provided him matched that of Cecile C. Groves. As a result, Wical took Marker into custody for violating the protection order and transported him to the Greene County Jail. According to Wical, Marker never denied that the female with him was Groves or that a protection order was in place. Wical further testified that Marker was aware of the protection order, as he heard Marker reference the order while he was in custody.

{¶ 5} During trial, the State provided Wical with a copy of the protection order at issue, and marked the document as State's Exhibit No. 2. Wical identified the document as a protection order and testified that it was in place to protect Groves from Marker. Wical also testified that the protection order required Marker to not be within 500 feet of Groves or to initiate or have any contact with her, even with her permission. Wical further testified that when he discovered Marker and Groves at the Reserve, they were only two to three feet apart and speaking to each other.

{¶ 6} In addition to Deputy Wical's testimony, the State presented testimony from Heather Kaufman, a former corrections officer for the Fairborn Police Department. Kaufman testified that in her capacity as a corrections officer, on March 19, 2013, she personally served the protection order to Marker while he was in jail. Kaufman then identified a copy of the protection order at issue, and confirmed that it was the same order she served on Marker.

Kaufman also testified that she provided Marker with an acknowledgment of service form, which she asked Marker to sign for purposes of establishing service of the protection order. The State marked a copy of the acknowledgment form as State's Exhibit No. 1, and Kaufman identified the exhibit as the acknowledgment form she provided to Marker. She also testified that she signed the form and that Marker's signature was on the form as well.

{¶ 7} The State rested its case after Kaufman's testimony. Marker did not testify or call any witnesses, but moved for an acquittal pursuant to Crim.R. 29. In support of his motion, Marker argued that the State had failed to adequately identify Groves as the female in the minivan and had failed to sufficiently establish service of the protection order on him. The trial court overruled Marker's motion and the matter was submitted to the jury for deliberation. After deliberation, the jury found Marker guilty of violating a protection order under R.C. 2919.27(A)(1). The trial court then sentenced Marker to 180 days in jail, with 80 days suspended on the condition that he exhibit good behavior for five years and comply with the active protection order for five years. The trial court also imposed a $250 fine plus court costs.

{¶ 8} Marker now appeals from his conviction and sentence, raising three assignments of error for review.


### Assignment of Error No. I

{¶ 9} Marker's First Assignment of Error is as follows:

APPELLANT'S CONVICTION FOR VIOLATION OF A PROTECTION ORDER IS BASED UPON INSUFFICIENT EVIDENCE.

{¶ 10} Under this assignment of error, Marker contends his conviction for violating a

protection order is based upon insufficient evidence. In support of this claim, Marker argues the State failed to demonstrate that the female with him on the night in question was the protected party, Cecile C. Groves. Marker also argues the State failed to prove he acted recklessly in violating the protection order.

{¶ 11} "A sufficiency-of-the-evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law." *State v. Rowe*, 2d Dist. Montgomery No. 25993, 2014-Ohio-3265, ¶ 22*,* citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Under a sufficiency analysis, an appellate court does not make any determinations regarding the credibility of witnesses." *Id.*, citing *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). (Other citation omitted.) " 'An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 12} The offense of violating a protection order is codified at R.C. 2919.27(A)(1), which states, in relevant part, that "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section 2919.26 or 3113.31 of the Revised Code." Pursuant to R.C. 2901.22(C), "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain

result or is likely to be of a certain nature."

{¶ 13}   Construing the evidence in the State's favor, we conclude that there was sufficient evidence to support Marker's conviction.   As noted earlier, Kaufman testified that on March 19, 2013, she personally served Marker with the protection order at issue.   The protection order stated that Marker was prohibited from being within 500 feet of Groves and prohibited him from initiating or having any contact with Groves, even with her permission.   In addition, Wical testified that on the night in question, he discovered Marker sitting in a parked vehicle with a female who identified herself as Groves.   While Groves did not have any form of identification with her, Wical testified that she gave him her date of birth and Social Security number, and that the information she gave matched that of Cecile C. Groves, the protected party.   We find this evidence is sufficient to convince an average mind beyond a reasonable doubt that Marker violated the protection order by being in contact with and within 500 feet of Groves after the protection order was issued.

{¶ 14}   Marker's violation of the protection order was also reckless.   The record establishes that Marker was put on notice of the protection order upon being personally served with the order and upon signing an acknowledgment of service form.   Therefore, Marker knew or should have known that he was prohibited from contacting or being within 500 feet of Groves.   However, despite the known risk of violating the protection order, he chose to be in contact and within 500 feet of Groves.   This sufficiently demonstrates that Marker recklessly violated the protection order.   *See, e.g., State v. Stoner*, 2d Dist. Clark No. 2008 CA 83, 2009-Ohio-2073, ¶ 26-30; *State v. Tarver*, 11th Dist. Portage No. 2011-P-0073, 2012-Ohio-4335, ¶ 54-58.

{¶ 15}   Marker's First Assignment of Error is overruled.

## Assignment of Error No. II

{¶ 16}   Marker's Second Assignment of Error is as follows:

APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL WHEN THE PROSECUTING ATTORNEY ELICITED STATEMENTS FROM A STATE WITNESS AND ARGUED IN CLOSING ARGUMENT THAT APPELLANT NEVER DENIED THE ALLEGATIONS IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT TO REMAIN SILENT AND HIS SIXTH AMENDMENT RIGHT TO COUNSEL.

{¶ 17}   Under this assignment of error, Marker claims he was denied due process and a fair trial because the State elicited testimony from Wical and made statements during its closing argument that violated his Fifth Amendment right to remain silent and Sixth Amendment right to legal counsel.   Specifically, Marker takes issue with the following testimony given by Wical:

Q.   Okay.  Did you have any conversation with him about why you were taking him into custody?

A.   Yeah.  I advised him that he had a protection order against the passenger in the vehicle, Ms. Groves.

Q.   At any time did [Marker] deny that that was Ms. Groves?

A.   No.

Q.   At any time did he deny that there was a protection order?

A.   No.

* * *

Q.     Okay.   At any time did Mr. Marker comment that he shouldn't be getting arrested, that there is no protection order, this isn't Cecile Groves?

A.     No, he was aware of it.   * * *

Trial Trans. (Dec. 4, 2013), p. 64, 70.   Marker also takes issue with the following closing remark made by the State:

The deputy arrested [Marker] for a protection order violation.   At no time did this defendant say, well that's not Cecil Groves, what are you talking about, there's no protection order, I don't understand, what are you talking about.   Why-why didn't he have that reaction?   Because he knew, because the protection order had been placed in his hands by the jailer, he was not supposed to have contact with her. He knew that was the protected party in the car with him and he knew he had violated that order.

*Id*. at 91-92.

{¶ 18}   Marker failed to object to the foregoing testimony and closing remarks at trial; therefore, he has waived all but plain error on appeal.   *See State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 74.   " 'Plain error exists only where it is clear that the verdict would have been otherwise but for the error.' "   *Id*., quoting *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 52.

{¶ 19}   In analyzing Marker's argument, we note that the Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."   This protects a defendant from having his pre-arrest or post-arrest, post-Miranda silence used against him at trial.   *See State v. Leach*, 102 Ohio St.3d 135,

2004-Ohio-2147, 807 N.E.2d 335, ¶ 38 ("the use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination"); *accord State v. Forbus*, 2d Dist. Montgomery No. 24061, 2011-Ohio-4287, ¶ 13; *State v. Davis*,116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 130 ("a prosecutor may not use a defendant's post[-]arrest, post-Miranda silence against him at trial"). "Comments by prosecutors on the post-arrest silence * * * have always been looked upon with extreme disfavor because they raise an inference of guilt from a defendant's decision to remain silent. In effect, such comments penalize a defendant for choosing to exercise a constitutional right. Prosecutors must therefore take care not to equate the defendant's silence to guilt." (Citation omitted.) *State v. Thompson*, 33 Ohio St.3d 1, 4, 514 N.E.2d 407 (1987).

{¶ 20} In this case, the testimony and closing remarks at issue conveyed to the jury that Marker did not "at any time" deny that the female with him on the night in question was Groves. "At any time" is broad language that encompasses the period of time after Marker was arrested and placed in custody. Accordingly, the testimony and remarks at issue implicate Marker's post-arrest silence. After reviewing the record, we find that the testimony and comments regarding Marker's silence as to Groves's identity was a clear attempt by the State to equate guilt with his silence, and effectively penalized him for exercising his constitutional right to remain silent. Therefore, we conclude that the State violated Marker's Fifth Amendment right against self-incrimination when it used his post-arrest silence as substantive evidence of guilt. In light of this finding, it is unnecessary to address the issue of pre-arrest silence.

{¶ 21} While we find that the State violated Marker's Fifth Amendment right against self-incrimination, we do not find that the violation amounts to plain error, as it is not clear that

the violation affected the outcome of trial. Absent the evidence related to Marker's silence, there is still sufficient evidence in the record to establish a protection order violation. Specifically, the existence of the protection order is supported by the testimony of Kaufman and Wical and also by the actual document submitted as evidence. Additionally, Groves's identity is supported by Wical's testimony that the female in the vehicle identified herself as Cecile C. Groves and provided a matching birth date and Social Security number. Accordingly, the State's error is, at best, harmless and does not require the reversal of his conviction.

{¶ 22} Marker's Second Assignment of Error is overruled.

### Assignment of Error No. III

{¶ 23} Marker's Third Assignment of Error is as follows:

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS THEREBY DENYING APPELLANT A FAIR TRIAL.

{¶ 24} Under this assignment of error, Marker contends his trial counsel was ineffective in failing to object to Wical's testimony that Marker did not deny Groves's identity or deny the existence of the protection order. Marker also claims his trial counsel was ineffective in failing to object to the admission of the protection order and acknowledgment form as exhibits on grounds that the State failed to formally move for their admission at trial.

{¶ 25} We review alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio

St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688; *Bradley* at 142. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id*.

{¶ 26} As discussed under Marker's Second Assignment of Error, the outcome of trial would not have been clearly different absent Wical's testimony regarding Marker's failure to deny Groves's identity or the existence of the protection order. If Marker's trial counsel had objected to the testimony, and was able to have it stricken from the record, the remaining evidence still supports Marker's conviction. Therefore, trial counsel's failure to object to the testimony is insufficient to create a reasonable probability that, but for the error, the outcome of trial would have been different. Accordingly, Marker's first argument lacks merit, as it fails to satisfy the second prong of *Strickland*.

{¶ 27} Marker's claim that his trial counsel was ineffective in failing to object to the admission of the State's exhibits on grounds that the State failed to move for their admission also lacks merit. While the record is devoid of any formal motion by the State to admit the protective order or acknowledgment form into evidence, the trial court has broad discretion over this matter and may sua sponte admit or exclude evidence. (Citations omitted.) *State v. Brown*, 2d Dist. Montgomery No. 18381, 2001 WL 280062, *1 (Mar. 23, 2001). Here, the record establishes that the trial court admitted the State's exhibits without a formal motion. *See* Trial Trans. (Dec. 4, 2013), p. 99 ("The Court will place in the possession of the jurors the exhibits and the verdict

forms"). Marker has failed to demonstrate that the trial court's decision to sua sponte admit the exhibits would have changed had his trial counsel objected to their admission. In other words, he has failed to demonstrate that the trial court would have sustained an objection to exclude the exhibits from evidence. Therefore, defense counsel's failure to object to the admission of the protection order and acknowledgment form is insufficient to create a reasonable probability that, but for the error, the outcome of trial would have been different. Accordingly, Marker's second argument also lacks merit for failing to satisfy the second prong of *Strickland*.

{¶ 28} Marker's Third Assignment of Error is overruled.

## Conclusion

{¶ 29} Having overruled all three of Marker's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Betsy A. Deeds
David R. Miles
Hon. Beth W. Root